IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JONATHON RUTE,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPT. OF JUSTICE, et al,<br><br>Defendants. | CIVIL ACTION No. 4:22CV168<br><br>JUDGE AMOS L. MAZZANT |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND RESPONSE IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JDUGMENT**

Defendant, the Federal Bureau of Investigation (FBI), replies to Plaintiff's Response to Defendants' Motion for Summary Judgment and opposes Plaintiff's Cross Motion for Summary Judgment [ECF 13] for the reasons set forth in the incorporated briefing.

## INTRODUCTION

Plaintiff does not contest that he failed to properly exhaust the EOUSA and Criminal Division requests. The only remaining issues before the court are (1) whether Rute's FOIA request to the FBI lacked specificity or was unduly burdensome and (2) whether the FBI properly asserted *Glomar* in response to Plaintiff's request for third party records.

Defendants' Reply                                                                                               1

## ARGUMENT & AUTHORITIES

### A. Improper Requests

Plaintiff argues that the FBI's search for records about public integrity investigations in Collin County was designed to fail. [ECF 13, p.3]. Plaintiff makes three unavailing arguments regarding the searches: (1) the FBI should have used the search term "public integrity" in conjunction with the term "Collin County;" (2) the FBI should have reached out to field offices and individual agents to obtain code names and the names of investigative targets that RIDS could then use to conduct searches; and (3) the Plaintiff could have readily provided a list of names of judges and public officials in Collin County to search. [ECF 13, pp. 3-4].

Contrary to Plaintiff's assertions, an agency need not deploy every conceivable search term or permit the FOIA requester to dictate the search terms in the course of litigation, but it must use terms reasonably calculated to locate responsive records. *SAI v. Transportation Security Administration*, 315 F.Supp. 3d 218, 241 (D.D.C. 2018). Further, it is the requester's responsibility to frame requests with sufficient particularity to ensure that searches are not unreasonably burdensome, and to enable the searching agency to determine precisely what records are being requested. *Assassination Archives & Rsch. Ctr., Inc. v. C.I.A.*, 720 F.Supp. 217, 219 (D.D.C. 1989). Finally, agencies are not required to look beyond the four corners of a request to conduct a search. *Kowalczyk v. Department of Justice*, 73 F.3d 386, 388 (D.D.C. 1996).

The Seidel Declaration provides a detailed explanation as to why the FBI considered Items 2 and 3 of Plaintiff's request unduly burdensome and not reasonably described. [Seidel Declaration, ECF 10-3, ¶¶ 20-30]. Plaintiff has failed to overcome the presumption of good faith accorded the Seidel Declaration. The FBI is not required to conduct searches in the manner dictated by the requester, nor is the FBI required to conduct research to perform a search. Finally, Plaintiff admits that he did not provide a list of names to search that was readily available to him, which lends further support to the FBI's determination that Plaintiff's request was not reasonably described as submitted.

### B.  FBI's *Glomar* Response

Plaintiff argues that the FBI's *Glomar* response is improper because (1) privacy interests are diminished where matters of public corruption are concerned, and (2) the request involves matters of public record.

First, the Seidel Declaration addressed the issue of privacy interests for third party records and found that Plaintiff failed to (1) submit a privacy waiver from any third party; (2) submit proof of death of any third party; or (3) demonstrate a significant public interest in disclosure of the material sought.  Plaintiff's single, conclusory statement that privacy interests are diminished where matters of public corruption are concerned fails to overcome the FBI's explanation for the assertion of a privacy *Glomar* response. [Seidel Declaration, ECF 10-3, ¶¶ 13–19].

Second, Plaintiff's claim of prior public record is addressed by the "official acknowledgement" line of cases which provide that when an agency has officially acknowledged otherwise exempt information through prior disclosure, the agency has waived its right to claim an exemption with respect to that information. *ACLU v CIA*, 710 F.3d 422, 426-27 (D.C.Cir. 2013). Here, Plaintiff fails to meet the burden required to show official acknowledgement by the FBI of any of the requested information. Plaintiff simply provides his own self-serving declaration with attachments, which fall far short of meeting Plaintiff's burden to point to specific evidence that the FBI has ever acknowledged the records that Plaintiff seeks.

### C. Improper Summary Judgment Evidence

The FBI objects to the Declaration of Plaintiff Jonathon Rute and citations to online news articles as improper summary judgment evidence. The rules of evidence apply to summary judgment materials. *See* Fed.R.Civ.P. 56(c)(4), 56(c)(2) and 2010 Advisory Comm. Notes thereto. In the Fifth Circuit, evidence relied on at the summary judgment stage need not be presented in admissible form, but it must be capable of being presented in a form that would be admissible in evidence. *D'Onofrio v. Vacation Publications, Inc.*, 888 F.3d 197, 208 (5th Cir.2018). In other words, the substance of the evidence submitted on summary judgment must be admissible. *See, generally, Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).

When a party fails to offer evidence in admissible form at the summary judgment stage, the opposing party may object by stating the evidence "cannot be presented in a

form that would be admissible in evidence." Fed.R.Civ.P. 56(c)(2). The commentary to the 2010 Amendment of Rule 56 explains the procedure:

> Subdivision (c)(2) provides that a party may object that material cited to support or dispute a fact *cannot be presented in a form that would be admissible in evidence.* The objection functions much as an objection at trial, adjusted for the pretrial setting. The burden is on the proponent to show that the material is admissible as presented or *to explain the admissible form that is anticipated*.

Fed.R.Civ.P. 56, advisory committee note 2010 amend. (emphasis added).

A declaration used to support a motion for summary judgment must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. Fed.R.Civ.P. 56(c)(4).

The Rute Declaration contains facts that would not be admissible in evidence because they are based on inadmissible hearsay. Most of the declaration is based on information that he either overheard or was told to him by third parties, and the FBI objects to those statements because they cannot be presented in a form that would be admissible in evidence pursuant to Fed.R.Evid. 801.

Additionally, Plaintiff cites to two online articles within his brief: (1) "John Wiley Price Will Not Be Retried On Any Charges, Federal Prosecutors Say," from www.keranews.org and (2) "Price of Loyalty: The Feds Thought They Had All They Needed to Nail John Wiley Price – Except Witnesses," from www.dallasobserver.com. To the extent that Plaintiff relies on this evidence in support of his cross-motion for summary judgment, the FBI objects to the evidence as inadmissible hearsay. These

Defendants' Reply                                                                                                          5

articles are "classic, inadmissible hearsay." *Roberts v. City of* Shreveport, 397 F.3d 287, 295(5th Cir. 2005). This evidence does not meet any of the hearsay exceptions of Fed.R.Evid. 803.

## CONCLUSION

Plaintiff has failed to overcome the FBI's entitlement to summary judgment as set forth in the Motion for Summary Judgment and Seidel Declaration. Items 2 and 3 of Plaintiff's request are not a proper FOIA request because they do not reasonably describe the records sought and are unduly burdensome, and the FBI properly issued a privacy *Glomar* response to Plaintiff's request for law enforcement records concerning third parties. Defendants are entitled to summary judgment, and Plaintiff's Cross-Motion for Summary Judgment should be denied.

Respectfully submitted,

BRIT FEATHERSTON
UNITED STATES ATTORNEY

*/s Andrea L. Parker*
ANDREA L. PARKER
Assistant United States Attorney
Texas Bar No. 00790851
550 Fannin, Suite 1250
Beaumont, Texas 77701
Tel:   (409) 839-2538
Fax:   (409) 839-2550
Email: andrea.parker@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2023, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to counsel of record via the court's electronic filing system.

*/s/ Andrea L. Parker*
ANDREA L. PARKER
Assistant United States Attorney
